UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BOYEDE OLAJIDE,

    Plaintiff,

    v.

GREAT LAKES, et al.,

    Defendants.

_____/

No. C 13-80025 MISC PJH

**ORDER GRANTING MOTIONS TO DISMISS; ORDER DISMISSING CASE**

    Pro se plaintiff Ronald Boyede Olajide filed this action on February 7, 2013 as a miscellaneous matter, entitled "Notice of Violations, and Opportunity to Cure." He asserts jurisdiction under admiralty law – specifically under 28 U.S.C. § 1333(1). Named as defendants are "Great Lakes," "TD Auto Finance," "Experian," "Equifax," and "TransUnion." No summons was issued at the time the "Notice" was filed. Plaintiff appears to be alleging a dispute regarding automobile and/or student loans, possibly under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, et seq., and also appears to be alleging a claim of fraud.

    Defendants TD Auto Finance LLC ("TD Auto Finance") and Experian Information Solutions, Inc. ("Experian"), have each filed a motion to dismiss. TD Auto Finance asserts

1 that the claims against it should be dismissed because plaintiff failed to serve it with the
2 summons and complaint as required under Federal Rule of Civil Procedure 4, but rather
3 attempted to serve the complaint (only) by sending it through the U.S. mail to a post office
4 box belonging to TD Auto Finance.

5       Experian contends that the claims against it should be dismissed because plaintiff
6 has failed to establish that the court has jurisdiction under 28 U.S.C. § 1333(1); because
7 Experian is not a debt collector subject to the FDCPA; because the "Notice" fails to present
8 a "short and plain statement of the claim showing that the pleader is entitled to relief;" and
9 because the fraud claim fails to allege fraud with particularity as required by Federal Rule of
10 Civil Procedure 9(b).

11       Under the Civil Local Rules of this court, plaintiff's opposition to the motion filed by
12 TD Auto Finance was due by March 18, 2013, and his opposition to the motion filed by
13 Experian was due by March 25, 2013. Civ. L.R. 7-3(a). No opposition to either motion was
14 filed by the respective due date.

15       The court finds that the motions must be GRANTED, for the reasons argued by
16 defendants. In addition, because plaintiff improperly filed the case as a miscellaneous
17 matter, the court finds that the action must be DISMISSED, without prejudice to refiling a
18 complaint in a regular civil action. "A civil action is commenced by filing a complaint with
19 the court." Fed. R. Civ. P. 3. Here, the action filed by plaintiff purports to assert causes of
20 action against the defendants, and seeks damages and possibly injunctive relief. In order
21 to pursue his claims, plaintiff must file a complaint; and either pay the filing fee, have the
22 clerk issue summons for all defendants, and serve the defendants with the summons and
23 complaint in accordance with Rule 4, or apply to proceed in forma pauperis.

24       The Pro Se Handbook, which is available on the court's website, may provide some
25 guidance regarding the proper format for a complaint, and the other procedures referenced
26 above. Plaintiff may also consider visiting the Legal Help Center at the United States
27 District Court, 450 Golden Gate Avenue, San Francisco, California, for limited-scope
28 assistance from an attorney. Assistance is provided by appointment only. An appointment

may be made by calling 415-782-9000 Ex. 8657, or by signing up at the appointment book on the table outside the door of the Legal Help Center.

The April 10, 2013 and April 17, 2013 hearing dates previously noticed by defendants are VACATED. Defendants' requests to appear telephonically are DENIED as moot.

**IT IS SO ORDERED.**

Dated: March 28, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

3